Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 1792 | **DATE** | 7/2/2003 |
| **CASE TITLE** | Lamar Chapman III vs. Beverly C. Smith | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter MEMORANDUM, OPINION AND ORDER: The decision of the bankruptcy court to grant the defendant's motion to vacate entry of the default and deny the plaintiff's motion for default judgment is affirmed. This case is terminated. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 3 2003 | |
| | Notified counsel by telephone. | | date docketed | 4 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 JUL -3 AM 8:24 | date mailed notice | |
| TSA | courtroom deputy's initials | 01-03-0314 Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**JUL 3 2003**

| | |
|---|---|
| LAMAR CHAPMAN III, | ) |
| | ) No. 02 C 1792 |
| Plaintiff-Appellant, | ) |
| | ) Wayne R. Andersen |
| v. | ) District Judge |
| | ) |
| BEVERLY C. SMITH, | ) Bankruptcy Number 00 B 5538 |
| | ) Adversary Number 00 A 0886 |
| Defendant-Appellee. | ) |

## MEMORANDUM, OPINION AND ORDER

On March 11, 2002, appellant Lamar Chapman III filed a *pro se* motion for leave to appeal the August 1, 2001 order of Bankruptcy Judge Jack Schmetterer denying his motion for default judgment pursuant to Federal Rule of Bankruptcy Procedure 7055 (which incorporates by reference Federal Rule of Civil Procedure 55). For the following reasons, the Bankruptcy Court's order is AFFIRMED.

## BACKGROUND

As Judge Schmetterer accurately noted in one of his earlier opinions, this litigation has taken a "long and tortuous path." *In re Chapman*, 269 B.R. 201, 204 (Bankr. N.D. Ill. 2001). It all started when the appellant was retained by the defendant-appellee Beverly Smith as a consultant "to compromise her outstanding debts, to assist [her] in the acquisition of a jumbo mortgage, to help [her] acquire an automobile, to mitigate [her] consumer liability and to negotiate an equitable settlement for [her] with the Internal Revenue Service." (Appellant's Brief at 6.) As part of the agreement, Smith was to pay Chapman an initial retainer fee of $787.50 and then subsequently pay Chapman for work performed each month at an hourly rate of $44.50.

During the eighteen months of the engagement, Chapman performed a variety of services



for the defendant. Specifically, he retained legal counsel on Smith's behalf for representation in a lien action filed by Fawn Nursery for money owed for landscaping services, he forwarded Smith approximately $7,000 for a down payment on a new car, and he represented Smith before the Internal Revenue Service to settle tax debts accumulated over a period of fourteen years. While Chapman argued both in court and in his papers that he was not paid for services rendered to Smith, there is evidence in the record that Chapman altered two checks (one for $9,350 and the other for $68,510) that were originally intended for Smith so that the payee of the checks was "Lamar C. Chapman III, for the benefit of Robert E. Smith and Beverly C. Smith." Chapman then deposited these altered checks into his financial services account at Charles Schwab & Company. After discovering the altered checks, Schwab blocked Chapman's access to these funds until a determination was made as to the validity of the alterations made to the face of the checks. Shortly thereafter, Chapman filed an adversary complaint in the bankruptcy court against Schwab alleging that Schwab improperly converted or blocked funds that belonged to him. On August 17, 2001, Judge Schmetterer granted summary judgment in favor of Schwab on all counts of Chapman's adversary complaint. *See In re Chapman*, 265 B.R. 796 (Bankr. N.D. Ill. 2001). Thankfully, an appeal of that decision is not before this Court.

What is before us is a review of Judge Schmetterer's ruling on Chapman's motion for a default judgment against Smith. The history of that motion is as follows. On September 26, 2000, Chapman filed his three count adversary complaint against Smith. Smith was personally served with a copy of the complaint on October 2, 2000. On October 31, 2000, the bankruptcy court entered an order allowing the defendant twenty-eight days to answer or otherwise plead. Smith failed to file any sort of responsive pleading by this deadline. Therefore, on January 5,

2001, Chapman filed a motion for entry of default and for default judgment pursuant to Federal Rule of Bankruptcy Procedure 7055 against the defendant, which was heard on January 29, 2001. On that date, the court granted Chapman's motion for entry of default and for default judgment and set the case for prove-up on February 9, 2001. When the date for the prove-up came, Judge Schmetterer first amended his January 29 order *nunc pro tunc* by entering a default but vacating the default judgment. On February 9, 2001, the bankruptcy court also allowed new counsel for Smith to enter his appearance. During this hearing, defense counsel promised to file a responsive pleading on behalf of the defendant on or about February 23 and he presented Smith's motion to vacate the entry of default. The court also proceeded with the prove-up on Chapman's motion for a default judgment. At the conclusion of the three hour hearing, Judge Schmetterer continued both Chapman's motion for default judgment and Smith's motion to vacate the entry of default until February 27, 2001.

Upon arriving in court on February 27, 2001, defense counsel informed the bankruptcy court that he had filed the required answer to Chapman's adversary complaint. The remainder of the hearing on this date was spent arguing Smith's motion to vacate the entry of default. At the conclusion of the hearing, Judge Schmetterer made findings of fact and conclusions of law on the motion and he ruled that the default order should be vacated. On August 1, 2001, Judge Schmetterer entered a minute order indicating that, for the reasons stated in open court on February 9 and February 27, 2001, Chapman's motion for default judgment was denied. It is this order that is the subject of the instant appeal.

3

## DISCUSSION

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1). Acting as an appellate court in bankruptcy proceedings, we accept the bankruptcy court's findings of fact unless they are "clearly erroneous" but we must review the bankruptcy court's conclusions of law *de novo*. *See In re Smith*, 286 F.3d 461, 464-65 (7th Cir. 2002); Fed. R. Bankr. P. 8013. This appeal essentially raises only one issue - whether the lower court erred in not entering a default judgment against Smith following the prove-up held on February 9, 2001. Because a decision to vacate an entry of default is within the sound discretion of the bankruptcy court, we will review Judge Schmetterer's ruling under the abuse of discretion standard of review. *See Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994). A lower court "will be found to have abused its discretion only if we conclude that 'no reasonable person' could agree with its judgment." *Id.* (citing *Harold Washington Party v. Cook Co., Ill. Democratic Party*, 984 F.2d 875 (7th Cir. 1993)).

At the outset, it is important to note that we are analyzing Judge Schmetterer's decision to vacate the entry of default pursuant to Federal Rule of Civil Procedure 55(c) (and its Bankruptcy Code equivalent) as opposed to Rule 60(b). While the standard of review is the same under both Rule 55(c) and Rule 60(b), the "test is more liberally applied in the Rule 55(c) context." *Id.* In order to vacate an entry of default pursuant to Rule 55(c), the moving party must show: 1) good cause for default; 2) quick action to correct it; and 3) a meritorious defense to plaintiff's complaint. *See id.* In this case, Judge Schmetterer found that the defendant satisfied each of these three elements during the course of the hearings held on February 9 and 27, 2001. Further, as a consequence of its decision to vacate the entry of default, the court denied Chapman's

motion for a default judgment on August 1, 2001. We will now address whether Judge Schmetterer's decision to vacate the entry of default (and, thus, deny the motion for default judgment) was an abuse of discretion.

I.      **Good Cause for Defaulting and Meritorious Defense**

The first and third elements of the test a court must use to vacate an entry of default are a showing of good cause for the default and a meritorious defense to the plaintiff's complaint. In this case, Judge Schmetterer ruled that both of these elements were satisfied "on the merits." (2/27/01 Transcript at 51.) While proceeding in this fashion may be unorthodox, it is certainly neither clear error nor an abuse of discretion. The source for Judge Schmetterer's merits ruling comes from testimony elicited from Chapman during the February 9, 2001 prove-up. During the prove-up, a question regarding two particular checks was raised. One of the checks was issued by the Stuart Title Company, following a refinancing of Smith's residence, to Fawn Landscape & Nursery as payee in the amount of $9,350. The other check was issued by the Stuart Title Company to the Internal Revenue Service in the amount of $68,510. While it is unclear whether Chapman had authority to alter the face of the checks, he nevertheless did so by inserting the phrase "Lamar C. Chapman III, for the benefit of Robert E. Smith and Beverly C. Smith" in the payee section of the checks. After making these alterations to the checks, Chapman then deposited them in his account with Charles Schwab & Company. The net result of these transactions, according to the bankruptcy court, was that Chapman took money that had been loaned to Smith as part of a mortgage refinancing and deposited it into a bank account in his name.

After this information came out during the February 9, 2001 prove-up, counsel for the

5

defendant drafted an answer to Chapman's adversary complaint in which an affirmative defense was asserted that the monies Chapman deposited in his account should constitute a set-off against the amounts Chapman sought as damages from the defendant. In other words, any possible claim that Chapman may have had for the value of the time and services he rendered to Smith was certainly less than the amount of money that went into his account after he altered and deposited the proceed checks from the mortgage refinancing. We agree with Judge Schmetterer that this set-off argument, if ultimately proven, would serve as a meritorious defense to Chapman's adversary complaint against Smith.

As for the good cause prong of the test, the analysis is a bit trickier. As a general principle, it is inexcusable for a party to miss filing deadlines, especially when the Federal Rules grant a party ample opportunity to request extensions of time. *See* Fed.R.Civ.P. 6(b). However, this is an unusual situation. First, apparently because her first counsel was not performing up to her expectations, Smith retained new counsel prior to the February 9, 2001 prove-up. Second, and perhaps more important, a full recitation of the salient facts and legal issues was not truly available until the prove-up hearing took place. It was at that time that new defense counsel was first able to understand the exact nature of Chapman's claims. Further, it was during the prove-up that Chapman conceded on the record the facts that would ultimately serve as the basis for Smith's set-off affirmative defense. Because of these unusual circumstances, we agree with the bankruptcy court that Smith demonstrated good cause for her initial default.

II. **Quick Corrective Action**

The final requirement a court must consider before vacating an entry of default is whether the defendant took "quick action to correct" the default. *Pretzel & Stouffer*, 28 F.3d at 45. In

6

this case, the entry of default was docketed on January 29, 2001. Within a week of that taking place, the defendant retained new counsel who immediately filed a motion to vacate the entry of default. The motion to vacate the default was partially addressed during the February 9, 2001 prove-up hearing. Given this short time frame, we find that Judge Schmetterer did not abuse his discretion in finding that Smith did indeed take quick action to correct the situation leading to the entry of a default against her.

In sum, we find that Judge Schmetterer did not abuse his discretion in vacating the January 29, 2001 entry of default against Smith. The record of proceedings in this case is clear that the bankruptcy court was aware of the applicable legal standard for vacating a default order and that it carefully considered the unusual facts of this case when the final ruling was made to vacate the order. Once the decision to vacate the default was made, the bankruptcy court was obliged to deny the plaintiff's motion for default judgment.

## CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court to grant the defendant's motion to vacate entry of the default and deny the plaintiff's motion for default judgment is affirmed. This case is terminated. This is a final and appealable order.

It is so ordered.

/ Wayne R. Andersen
United States District Judge

Dated: July 2, 2003